the discharge. Besides it does not appear that the allegations were tried either upon interrogatories, or an issue, and no judgment unless upon such a trial, can be a bar to relief under the act. The words of the law are, "and if upon the answer to the said interrogatories, or upon the trial of the issue or issues such debtor shall be found guilty," &c., "he shall be precluded from any benefit under this act." The interrogatories or the issue must be "touching the substance of the said allegations;" and the only allegations which, if true, can deprive the debtor of the benefit of the act, are 1st, "That he had, at the time of his application, conveyed, lessened, or disposed of any part of his property, rights, or credits, with intent to defraud his creditors;" or 2d, "had, within 12 months," &c., "lost by gaming more than $300;" or 3d, "had assigned or conveyed any part of his property, rights, or credits, with intent to give a preference to any creditor or creditors, or any surety." The allegations filed in that case, were only two. 1st, "That the said John Connelly has embezzled and concealed certain real estate, the property of the said Connelly, and also been guilty of fraud and perjury in the rendition of his schedule, and the oath annexed to the same;" and 2d, "that the said Connelly did give preference to one of his creditors after he considered himself insolvent." The "specification," of the first allegation is, that at the time of his making oath to his schedule he possessed real estate in Montgomery county, Maryland, of the value of $400, not included in his schedule; and the "specification" of the second allegation is, that on or about the 4th of October instant. and subsequently to his application for the benefit of the act, and the filing of his petition and schedule, the said Connelly did convey the Montgomery land to Michael Connelly, one of his creditors, and his near relative, in satisfaction of the debt which he owed him; thereby giving a preference to one of his creditors over the others.

The absolute payment of a debt due to one of the creditors of an insolvent, has never been understood as being such an assignment of property with intent to give preference to a creditor or surety, as is prohibited by the act; so that neither of the two allegations, if proved, was sufficient, in law, to deprive the debtor of its benefit.

Fleet Smith, for creditor, however, still contended that the decision of the judge, that the debtor was not entitled to his discharge, was conclusive, and forever barred him from the benefit of the act.

But THE COURT was of opinion that the five last allegations now filed were too vague and immaterial to deprive the debtor of the benefit of the act, if proved, and that the judgment of the judge who refused to discharge him was not a conclusive bar to his present application for relief.

CONNER (BRADLEY v.). See Case No. 1,-774.

## Case No. 3,112.

### CONNER v. COCKERILL et al.

[4 Cranch, C. C. 3.][1]

JUDGMENT AGAINST ONE JOINT DEFENDANT—DAMAGES FOR TORT.

If several damages be assessed upon a writ of inquiry on a judgment by default, in an action of assault and battery, against two, the plaintiff may enter a nolle prosequi against one and take final judgment against the other.

This was a joint action of assault and battery against the master and mate of a vessel. There was judgment by default, and a writ of inquiry, and several damages assessed, namely, one cent against Cockerill, and —— dollars against Gault.

.Mr. Neale, for plaintiff, moved for leave to enter a nolle prosequi against Cockerill, and take judgment against Gault.

Mr. Hewitt, for defendants, opposed the motion. and cited Hill v. Goodchild, 5 Burrows, 2790.

Mr. Neale cited Ammonett v. Harris, 1 Hen. & M. 488; Mitchell v. Milbank, 6 Term R. 199; Miner v. Mechanics' Bank, 1 Pet. [26 U. S.] 73; 1 Wheaton's Selwyn.

THE COURT (nem. con.) was of opinion that the plaintiff had a right to enter a nolle prosequi as to Cockerill, and take judgment against Gault.

## Case No. 3,113.

### CONNER et al. v. The COOSA.

[Newb. 393.][2]

District Court, E. D. Louisiana. Dec., 1846.

PRIZE—VIOLATION OF BLOCKADE—PRACTICE.

1. If, upon the return of the monition. no person appears to assert a claim to the vessel and cargo, the proctor of the captors may move for a decree upon the evidence as it appears on the record.

2. A violation of a blockade, rigorously enforced, is a good ground for the seizure and condemnation of both vessel and cargo.

3. To constitute a violation of blockade, three things must be proved: 1st, the existence of the blockade; 2d, the knowledge of the party supposed to have offended; and 3d. some act of violation. either by going in or coming out with a cargo laden after the commencement of the blockade.

4. One of the immediate consequences of the commencement of hostilities is the interdiction of all commercial intercourse between the citizens of the states at war, with the license of their respective governments.

5. The law of prize is a part of the law of nations. By it a hostile character is attached to trade, independent of the character of the trader who pursues or directs it; and condemna-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by John S. Newberry, Esq.]